## UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RAY BROWN, | CV F 06-00804 AWI SMS HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY MOTION FOR STAY SHOULD BE GRANTED |
| v. | [Doc. 3] |
| A.P. KANE, WARDEN | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on June 23, 2006. On this same date, Petitioner also filed a motion to stay the proceedings while he exhausts the state court remedies with respect to new claims. (Court Doc. 3.)

In his motion, Petitioner requests "permission to exhaust his new issues presented in a second petition submitted to the California Supreme Court, Case Number S137701. The issues will be additional to the first petition submitted to the California Supreme Court, Case Number S135392." (Motion, at 1.) Petitioner states that he is relying on Acosta v. Artuz, 235 F.3d 117, 125 (2d Cir. 2000) and Anthony v. Cambra, 235 F.3d 568 (9th Cir. 2000), as the reason for his delay in filing this petition. (Id.)

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the Supreme Court held that a district court has discretion to stay a mixed petition to allow a petitioner to present his

unexhausted claims to the state court in the first instance and then to return to federal court for review of his perfected petition. Nevertheless, stay and abeyance is available only in limited circumstances, because the procedure frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings and undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. Id. at 1535.  The Supreme Court held that a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id.

Petitioner has not provided sufficient factual information for the Court to determine whether good cause exists to warrant a stay while he exhausts further claims in state court. Accordingly, within thirty (30) days from the date of service of this order, Petitioner shall show cause why the motion for stay should be granted.

IT IS SO ORDERED.

**Dated:   July 28, 2006**                      **/s/ Sandra M. Snyder**
icido3                                       UNITED STATES MAGISTRATE JUDGE