# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RAY BROWN,<br><br>　　　　Petitioner,<br><br>　v.<br><br>A.P. KANE, WARDEN<br><br>　　　　Respondent.<br>_____/ | CV F 06-00804 SMS HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AS TIME-BARRED, DIRECTING CLERK OF COURT TO ENTER JUDGMENT IN FAVOR OF RESPONDENT, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>[Doc. 27] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

### BACKGROUND

Petitioner is presently confined at Soledad State Prison following a conviction entered in the Superior Court of Kern County, on October 13, 1999, for one count of violation of California Penal Code section 261(a)(2), forcible rape, and one count of violation of California Penal Code section 285, incest. With enhancements for prior convictions, Petitioner was sentenced to a term of 38 years-to-life.

Petitioner appealed his conviction and sentence to the California Court of Appeal, Fifth Appellate District. On August 14, 2001, the Court of Appeal affirmed Petitioner's conviction and sentence. (Exhibit B.)

On September 19, 2000, Petitioner filed a petition for writ of habeas corpus in the

1  California Court of Appeal, Fifth Appellate District.  (Exhibit C.)  The petition was denied on
2  January 22, 2002.  (Exhibit D.)
3       On September 21, 2000, Petitioner filed a petition for writ of habeas corpus in the
4  Superior Court of Kern County.  (Exhibit E.) The petition was denied on October 17, 2000.
5  (Exhibit F.)
6       On June 19, 2001, Petitioner filed a second petition for writ of habeas corpus in the
7  Superior Court of Kern County.  (Exhibit G.)  The superior Court denied Petitioner's petition on
8  July 10, 2001.  (Exhibit H.)
9       Petitioner filed a petition for review with the California Supreme Court on September 21,
10  2001.  (Exhibit I.)  The petition for review was denied on November 14, 2001.  (Exhibit J.)
11       On June 25, 2002, Petitioner filed a third petition for writ of habeas corpus in the
12  Superior Court of Kern County.  (Exhibit K.)  The petition was denied on July 23, 2002.
13  (Exhibit L.)
14       On July 18, 2003, Petitioner filed a second petition for writ of habeas corpus in the
15  California Court of Appeal, Fifth Appellate District.  (Exhibit M.)  The petition was denied on
16  November 14, 2003.  (Exhibit N.)
17       Petitioner filed a petition for writ of habeas corpus with the California Supreme Court on
18  December 4, 2003.  (Exhibit O.)  The petition was denied on November 10, 2004.  (Exhibit P.)
19       Petitioner then filed a third petition for writ of habeas corpus with the California Court of
20  Appeal, Fifth Appellate District on June 17, 2005.  (Exhibit Q.)  The petition was denied on June
21  23, 2005.  (Exhibit R.)
22       Petitioner filed a second petition for writ of habeas corpus with the California Supreme
23  Court on July 7, 2005.  (Exhibit S.)  The California Supreme Court denied the petition on May
24  17, 2006.  (Exhibit T.)
25       Petitioner filed a fourth petition for writ of habeas corpus with the California Court of
26  Appeal, Fifth Appellate District on September 12, 2005.  (Exhibit U.)  The Court of Appeal
27  denied the petition on September 22, 2005.  (Exhibit V.)
28       Petitioner filed a third petition for writ of habeas corpus with the California Supreme

Court on October 3, 2005.  (Exhibit W.)  The California Supreme Court denied the petition on August 30, 2006.  (Exhibit X.)

Petitioner filed the instant federal petition for writ of habeas corpus on June 23, 2006.  (Court Doc. 1.)  Petitioner filed an amended petition on May 4, 2007.  (Court Doc. 17.)

Respondent filed the instant motion to dismiss arguing that the petition is time-barred on January 8, 2008.  (Court Doc. 27.)  Petitioner filed an opposition on February 8, 2008.  (Court Doc. 30.)

## DISCUSSION

A.   Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 5 of the Rules Governing Section 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground."  The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing Section 2254 Cases.  See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982).  Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).  The instant petition was filed on June 23, 2006, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, Petitioner was convicted on October 13, 1999. The California Supreme Court denied Petitioner's petition for review on November 14, 2001.[1] Thus, direct review became final on February 12, 2002, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[2] Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998). Petitioner would have one year from February 13, 2002, absent applicable tolling, in which to file his federal petition for writ of habeas corpus. See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule

---

[1] Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[2] See Sup. Ct. R. 13(1)

6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)  Therefore, the statute was set to expire on March 19, 2003.  Petitioner did not file the instant petition until October 14, 2004.

C.      Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however, will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan v. Walker, 533 U.S. 167 (2001).

As Petitioner's conviction became final on February 12, 2002, at the time he filed the first state habeas corpus petition on June 26, 2002, 131 days of the one year limitations period had lapsed.  The Superior Court denied the petition on July 23, 2002.  (Exhibit L.)  Although the limitations period was tolled while this first petition was pending (June 26, 2002 through July 23, 2002), the limitations period began to run again on July 24, 2002, and Petitioner did not file his next petition with the California Court of Appeal until July 18, 2003.  (Exhibit M.)  However, at

---

[3] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme  Court.  See id.

5

Case 1:06-cv-00804-SMS   Document 31   Filed 03/13/08   Page 6 of 9

that time, the 234 days that remained of the limitations period had already expired on March 19, 2003. The collateral petitions raised after the expiration of the limitations period do not revive the limitations period. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).

In his opposition, Petitioner contends that he is actually innocent of the offense and the limitations bar does not prevent review. Petitioner argues that his daughter, the victim in this case, committed perjury during trial. Petitioner attaches a declaration, dated August 21, 2000, in which Rochelle Brown declares that she was "misled by the prosecutor to testify against my father for the crime of rape. [¶] The prosecutor knowingly had me give false testimony concerning Deon using a condom when we had sex. [¶] They use false evidence to convict my father." (Declaration of Rochelle Brown, attached to Opposition.)

Neither the Supreme Court nor the Ninth Circuit have resolved the question whether the Constitution requires creating an actual innocence exception to the statute of limitations. Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002) (expressing no opinion on the issue).

Petitioner's claim is unfounded, as it could not have factually prevented Petitioner from filing a timely petition. Despite the fact that the declaration, is dated August 21, 2000, it was not initially presented to state court in support of his claim, and was submitted only after the defect was pointed by state court. (See Exhibit L, Order of Superior Court of Kern County, dated July 23, 2002.) The declaration does not excuse Petitioner's untimeliness as he was obviously aware of the claim in August, 2000, when it was executed by his daughter, and was not ultimately submitted to the state court until July 18, 2003, when it was attached to his state habeas corpus petition filed in the California Court of Appeal, Fifth Appellate District. (Exhibit M.) The evidence is certainly not new, reliable evidence that could not have been presented earlier. Only Petitioner's lack of diligence can be blamed for his failure to acquire this evidence and bring a timely challenge. Consequently, Petitioner does not fall within the narrow classes of cases implicating a fundamental miscarriage of justice. See e.g. Whitley v. Senkowski, 317 F.3d 223, 225 (2d Cir. 2003); see also Gildon v. Bowen, 384 F.3d 883, 887 (7th Cir. 2004) ("a petitioner

6

would have to show action or inaction on the part of the respondent that prevent him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations."); Baker v. Norris, 321 F.3d 769, 772 (8th Cir. 2003) (actual innocence exception unavailable where issue was not raised until fifteen years after conviction and four years after the limitations period expired).

Even assuming the exception is applicable and Petitioner raised the claim with reasonable diligence, it is without merit. "To be credible," a Schlup actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Schlup, 513 U.S. at 324. This Court must utilize the rules of admissibility and it must consider the probative value of relevant evidence that was wrongfully excluded, illegally admitted, or unavailable. Id. at 327-328. The new evidence may "call into question the credibility of the witnesses presented at trial . . . . [and] the habeas corpus may have to make some credibility assessments." Id. at 330.

The declaration by the victim, Petitioner's daughter, states she was "misled by the prosecutor to testify against my father for the crime of rape. [¶] The prosecutor knowingly had me give false testimony concerning Deon using a condom when we had sex. [¶] They use false evidence to convict my father." (Declaration of Rochelle Brown, attached to Opposition.) This ambiguous declaration does not satisfy the Schlup actual innocence requirement, especially when viewed in light of the evidence presented at trial. The evidence at trial consisted of strong DNA evidence, Petitioner's admission to having sexual intercourse with his daughter claiming she was the aggressor, and police officer's testimony recounting the victim's statements regarding the rape. (See Exhibits A & B.) In addition to being highly suspect, the Court finds the declaration by the victim to be rather low in terms of reliability, both because of its tardy presentation and vague and ambiguous statements. The victim merely states, in conclusory terms, that she was misled by the prosecutor and some third party did not use a condom. These vague allegations have no connection to the factual circumstances of the underlying case and are simply

1  insufficient to demonstrate actual innocence exception under Schlup.  Thus, the Court does not

2  find it more not that had the jury been presented with the victim's declaration, no reasonable

3  juror would have convicted him.  Accordingly, this Court concludes Petitioner's claim of actual

4  innocence does not implicate a fundamental miscarriage of justice and it does not fall within the

5  narrow exception of the Schlup actual innocence gateway.

6  D.     Equitable Tolling

7       The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1)

8  that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance

9  stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department

10 of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541

11 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert*

12 *denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to

13 tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac.

14 Enters., 5 F.3d 391, 395 (9th Cir.1993).

15     Petitioner has raised no argument as to how or why the limitations period should be

16 equitably tolling.

17                                    ORDER

18     Based on the foregoing, it is HEREBY ORDERED that:

19     1.    Respondent's motion to dismiss the instant petition as time-barred is GRANTED;

20     2.    The instant petition for writ of habeas corpus is DISMISSED, with prejudice;

21     3.    The Clerk of Court is directed to enter judgment in favor of Respondent; and,

22     4.    The Court declines to issue a certificate of appealability.  When a district court

23           denies a habeas petition on procedural grounds without reaching the underlying

24           constitutional claims, the petitioner must show, in order to obtain a certificate of

25           appealability: (1) that jurists of reason would find it debatable whether the petition

26           stated a valid claim of a denial of a constitutional right; and (2) that jurists of

27           reason would find it debatable whether the district court was correct in its

28           procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While both

showings must be made to obtain a certificate of appealability, "a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 485.   The Court finds that Petitioner has failed to make an adequate showing.  The Court does not find that jurists of reason would not find it debatable whether the petition was properly dismissed, with prejudice, as time-barred by 28 U.S.C. § 2244(d).

IT IS SO ORDERED.

**Dated:   March 13, 2008**            /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE